UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ROBERT COURVILLE** : **DOCKET NO. 2:18-CV-0256**

**VERSUS** : **UNASSIGNED DISTRICT JUDGE**

**ETHICON US, LLC, ET AL.** : **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand [doc. 7] filed by plaintiff Robert Courville. Defendant Ethicon US, LLC ("Ethicon") opposes the motion and Courville has filed a reply. Docs. 15, 16.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that plaintiff's motion be **DENIED** and that all claims against defendant Christus Health Southwestern Louisiana be **DISMISSED WITHOUT PREJUDICE**.

### I.
#### BACKGROUND

This suit arises from injuries that Courville claims he received during two surgeries, performed in December 2016 and March 2017 at a hospital owned by Christus Health Southwestern Louisiana ("Christus") in Lake Charles, Louisiana. Doc. 1, att. 2, p. 2. Courville alleges that he sustained grave complications in both operations, resulting from malfunctions in staplers manufactured by Ethicon, a subsidiary of defendant Johnson & Johnson, Inc. *Id.* at 2–3.

Courville, a Louisiana resident, filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, on January 19, 2018. *Id.* at 1–7. As defendants he names Ethicon; Johnson & Johnson, Inc.; Owens & Minor Distribution, Inc. (alleged distributor of the Ethicon staplers); and Christus. *Id.* at p. 1. Courville asserts that Christus is the only defendant that is a Louisiana citizen. *Id.* Ethicon removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1, p. 1. Although it acknowledges that Christus is non-diverse, Ethicon contends that jurisdiction is proper because Christus was improperly joined. *Id.* at 1, 5. Courville then filed the instant motion, arguing that remand is required because Christus is an indispensable party.[1] Doc. 7, att. 1.

## II.
### LAW AND ANALYSIS

The removing party bears the burden of showing that removal was procedurally proper and federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). If removal is based on diversity of citizenship, the action is removable only if there is complete diversity, which is found where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). "Jurisdictional facts are determined at the time of removal, not by subsequent events." *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014).

If removal is based on a claim that a non-diverse party has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or

---

[1] Courville does not contest that the other defendants are diverse from the plaintiff or that the amount in controversy requirement is satisfied.

"an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). Only the latter method is relevant here because the defendant does not allege fraud. Thus, the question is whether the defendant has shown that there is no reasonable basis by which the plaintiff can recover under applicable state law. *Smallwood*, 385 F.3d at 573. A mere theoretical possibility of recovery is insufficient. *See Travis*, 326 F.3d at 648. In reviewing a claim for improper joinder, all factual allegations are evaluated in the light most favorable to the plaintiff, with all contested issues of substantive fact resolved in plaintiff's favor. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 309 (5th Cir. 2005).

Ethicon asserts that Christus is a qualified medical provider under the Louisiana Medical Malpractice Act ("LMMA"), La. R.S. § 40:1231.1 *et seq.* Doc. 15, p. 3. Because a medical review panel had not issued a decision on the merits of Courville's claims against Christus before Courville filed suit, Ethicon maintains that the procedural requirements of the LMMA were not met. *Id.* at pp. 2–3 (citing *Flagg v. Stryker Corp.*, 819 F.3d 132 (5th Cir. 2016)). Thus, it urges this court to find that Christus was improperly joined and deny the motion to remand. *Id.* at p. 3.

The LMMA governs malpractice claims brought against qualified health care providers. La. R.S. § 40:1231.1. Health care providers include hospitals and treatment facilities. *Id.* at § 1231.1(A)(10). Malpractice is "any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient … ." *Id.* at § 1231.1(A)(13). A plaintiff must first present malpractice claims to a medical review panel and cannot file suit until the panel issues an opinion on the merits. *Flagg*, 819 F.3d at 137–38 (citations omitted). Failure to exhaust the procedural requirements of the LMMA before filing suit compels dismissal of the claims without prejudice. *Id.*

Courville contends that remand is required because Christus is non-diverse and all of his claims must be tried together as they are "inextricably intertwined." Doc. 16, pp. 1–2. Alternatively, he asks that the litigation be stayed in this court pending the review panel's opinion. *Id.* at p. 3. For support, Courville relies on *Johnson v. Scimed, Inc.*, 92 F.Supp.2d 587 (W.D. La. 2000). There, the plaintiffs submitted claims to a medical review panel, alleging malpractice against a medical center and two doctors, each of whom was non-diverse. *Id.* at 588. The next day, they brought suit in Louisiana state court against the manufacturer of allegedly defective stents and the non-diverse defendants. *Id.* The manufacturer removed the case to federal court, argued that the non-diverse defendants were improperly joined because the medical review panel had not yet issued an opinion on the malpractice claims and thus the suit was premature. *Id.* Plaintiffs sought remand, and the district court reasoned that they had stated a valid cause of action for malpractice because, although their claims would likely have been dismissed as premature in state court, the LMMA's requirement that a review panel issue an opinion before suit could be filed was merely procedural. *Id.* at 592. The court further reasoned that denying remand would waste judicial resources while the litigation needlessly continued in federal court because once the panel issued its opinion, the plaintiffs would seek to amend their petition to join the non-diverse defendants and re-urge their motion to remand. *Id.* Thus, the court ruled that there was no improper joinder and ordered that the case be remanded. *Id.*

Since *Johnson*, however, other courts in this district have declined to follow suit when confronted with similar facts. *See Fontenot v. Johnson & Johnson*, 2010 WL 2541187, at *7–8 (W.D. La. Apr. 30, 2010) (collecting cases), *report and recommendation adopted*, 2010 WL 2541178 (W.D. La. Jun. 17, 2010). Further, *Johnson* was implicitly overruled by the Fifth Circuit's en banc decision in *Flagg*, 819 F.3d 132. In *Flagg*, the plaintiff filed a medical malpractice claim

in Louisiana state court against non-diverse health care providers and also asserted a products liability claim against the diverse manufacturer of a toe implant. *Id.* at 134–35. He did not submit his malpractice claims to a review panel before filing suit. *Id.* at 135. After the case was removed the district court denied the plaintiff's motion to remand, finding that the non-diverse defendants were improperly joined because the plaintiff did not exhaust the review process required by the LMMA before filing suit. *Id.*

The plaintiff appealed and a panel of the Fifth Circuit reversed, finding that diversity was lacking because "the fact that the medical review panel … ha[d] yet to issue its opinion" did not prove that he was unable to establish liability on the part of the non-diverse defendants. *Flagg v. Stryker Corp.*, 801 F.3d 456 (5th Cir. 2015), *vacated*, 805 F.3d 610 (5th Cir. 2015). The Fifth Circuit granted rehearing *en banc* and reversed, rejecting plaintiffs' arguments that the issue was moot because the review panel issued an opinion while the case was on appeal. *Flagg*, 819 F.3d at 134, 140. The court further reasoned that the review panel's post-removal opinion was irrelevant because diversity jurisdiction is determined according to the record as it existed at the time of removal. *Flagg*, 819 F.3d at 140 (citation omitted). Because the plaintiff had failed to state a valid cause of action under Louisiana law at that time, the court held that the non-diverse defendant was improperly joined. *Id.*

The Fifth Circuit's en banc decision in *Flagg* is binding authority in this matter. As Ethicon points out, Courville does not dispute that his claims against Christus fall under the LMMA, or that the medical review panel had yet to issue an opinion prior to removal. The fact that the claims against a medical provider may be entwined with the claims against a manufacturer does not rescue Courville from his inability to recovery against the medical provider under Louisiana law at the time this suit was removed. As in *Flagg*, we find that Courville failed to state a valid cause of

action against Christus at the time of removal and, therefore, his claims should be dismissed without prejudice.

### III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that plaintiff's Motion to Remand [doc. 7] be **DENIED** and the claims against Christus should be **DISMISSED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 29th day of August, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE