# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **ROBERT COURVILLE** | **CIVIL ACTION NO. 2:18-00256** |
| **VERSUS** | **UNASSIGNED DUTY JUDGE** |
| **ETHICON US, LLC, ET AL.** | **MAG. JUDGE KATHLEEN KAY** |

# RULING

Pending before the Court is a Motion to Remand [Doc. No. 7] filed by Plaintiff Robert Courville ("Courville"). Defendant Ethicon US, LLC ("Ethicon") opposes the motion. [Doc. No. 15]. Courville also filed a reply. [Doc. No. 16].

On August 29, 2018, Magistrate Judge Kathleen Kay issued a Report and Recommendation [Doc. No. 21] in which she recommended that the Motion to Remand be denied and the claims against Defendant Christus Health Southwestern Louisiana ("Christus") be dismissed without prejudice. Courville filed objections to the Report and Recommendation. [Doc. No. 22]. Ethicon filed a response to the objections. [Doc. No. 23].

Having conducted a *de novo* review of the record and finding that Magistrate Judge Kay correctly stated and applied the law, the Court hereby ADOPTS her Report and Recommendation. The Court issues this Ruling solely to address Courville's contention that one of his claims against Christus does not arise under the Louisiana Medical Malpractice Act ("LMMA").

In his objections, Courville argues, in part, that his case should be remanded because he alleged that Christus "did not adequately educate and train its agents, employees, servants or others for whom it is legally responsible in the use and handling of the Ethicon 28 mm EEA stapler and of the Ethicon 25 mm EEA stapler." [Doc. No. 22, p. 5]. He explains that he specifically claims

Christus acted negligently by "credentialing its physician[][,] Dr. Kendrix Evans, in the use and handling" of the subject staplers and that this cause of action "sounds in general negligence and falls outside the purview of the [LMMA]." *Id.* He cites the Court to *Billeaudeau v. Opelousas Gen. Hosp. Auth.*, No. 2016-C-0846 (La. 10/19/16); 218 So.3d 513.

Ethicon responds to this argument with the assertion that Courville did not raise this claim in his Petition and that his credentialing argument was raised for the first time in the objections. Because jurisdiction is determined at the time of removal, Ethicon urges the Court that this argument should not be considered. Even if it is considered, however, Ethicon argues that all of Courville's claims fall within the purview of the LMMA under the statutory definition and the Louisiana Supreme Court's *Coleman* factors.

First, while Courville did not use the words "credential(s)" or "credentialing" or list the name of Dr. Evans in his Petition, he did allege that Christus "failed to properly train and educate its agents, employees, servants, or others for whom it is legally responsible in the proper use of the Ethicon 28 mm EEA stapler and the Ethicon 25 mm stapler." [Doc. No. 1-2, Petition for Damages, ¶ 16]. Thus, to the extent, the Court must consider his claim.

Second, however, the Court finds that Courville's claim is within the purview of the LMMA. The LMMA defines malpractice, in pertinent part, as

> any unintentional tort . . . based on health care or professional service rendered, or which should have been rendered, by a health care provider, to a patient, including . . . all legal responsibility of a health care provider arising from acts or omissions . . . in the training or supervision of health care providers.

LA. REV. ANN. § 40:1231.1(13). Courville is now attempting to re-characterize or amend his

claim from one that squarely falls within the statutory definition of malpractice to one sounding in general negligence and which is not covered by the LMMA. Based on the factual allegations in his Petition alone, which is the basis for determining jurisdiction, all of Courville's claims arise under the LMMA.

Further, Courville's reliance on the *Billeaudeau* case is misplaced. In *Billeaudeau*, the parents of a patient of Opelousas General Hospital Authority brought negligence action against hospital, asserting, in part, that the hospital negligently credentialed the emergency room physician, and the physician failed to provide a treatment for stroke victims to patient, who was later diagnosed as having suffered a stroke. In their petition, the parents alleged that the hospital was legally responsible for the negligence of its officers, agents, employees, and for those whom it is legally responsible. However, the petition specifically identified the hospital's negligence to include "[n]egligent credentialing of Dr. Zavala." *Id.* at 515. Further, in a motion for partial summary judgment, the parents/plaintiffs sought a ruling that the negligent credentialing claim alone was outside the LMMA and not subject to caps on medical malpractice liability. They explained that the hospital was negligent because Dr. Zavala "'should not have been credentialed and . . . given full active privileges[,]'" at the hospital, that she should not have been working the emergency room, and that the claim was about "'whether this doctor, this particular doctor, based on her particular CV, and her particular . . .' continuing medical education, 'and her particular experience and training, was qualified to be in the emergency room by that hospital.'" *Id.*

Based on these factual allegations, the Louisiana Supreme Court considered whether the LMMA's reference to the negligent training and supervision of health care providers included the negligent credentialing as alleged. *Id.* at 516. Applying the *Coleman* factors, the Louisiana

4

Supreme Court held that the parents' negligent credentialing claim sounded in general negligence and fell outside the purview of LMMA. Therefore, the claim was not subject to the malpractice cap on damages.

In this case, however, Courville's attempt in his motion to characterize his claim of negligent credentialing fails. He clearly alleged in his petition that Christus is liable for its failure to "educate and train its agents, employees, servants or others for whom it is legally responsible in the use and handling of the [Ethicon staplers]." [Doc. No. 1-2, Petition, ¶ 16]. This claim goes to the very heart of the statutory definition without any resort to the *Coleman* factors. Courville as the master of his Petition asserted a claim which could be fairly read to include Christus' liability for negligently failing to educate and train Dr. Evans, but cannot be fairly read to include the type of negligent credentialing claim asserted in *Billeaudeau* merely because Courville now uses the term.[1]

Accordingly, for the foregoing reasons, the Motion to Remand will be DENIED, and the claims against Christus will be dismissed without prejudice.

MONROE, LOUISIANA, this 27th day of September, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[1] The Court offers no opinion as to whether Courville may assert this type of claim against Christus in a new state court action after the medical review panel process is complete.